## CIRCUIT COURT OF CHESTERFIELD COUNTY

Summit Properties, Inc.

v.

Chesterfield County

October 17, 1997

Case No. CL97-31

BY JUDGE WILLIAM R. SHELTON

On September 25, 1997, the parties by counsel appeared before this Court for argument on cross-motions for summary judgment. This case challenges the County's construction of its own ordinance. The issue is whether Summit Properties, Inc. ("Summit") should be classified as a commercial consumer for purposes of application of the utility tax or as a residential consumer. The Code section at issue, § 8-51, defines commercial consumer as follows: "The owner or tenant of property used primarily for commercial, industrial, and all other purposes, except residential, who pays for utility service for such property. . . ."

The term "residential consumer" is defined as: "The owner or tenant of property used for residential purposes and shall include, but not by way of limitation, apartment houses and other multiply-family *dwellings*. . . ." (Emphasis added.)

The County's position is that the residential rate should only be applied in conjunction with service to individual dwelling units where tenants live. Therefore, the tenants renting from Summit are taxed on their individual utility use at residential rates. Summit is taxed at a commercial rate for utility service to common areas, such as the pool and clubhouse, parking lot, ingress/egress walkways, etc.

Summit is a for-profit corporation. The County's classification of common areas operated by Summit as commercial is reasonable and not arbitrary. *City of Richmond v. Fary*, 210 Va. 338, 171 S.E.2d 257 (1969). Additionally, the

County's use of Virginia Power records to track residential versus commercial use does not amount to a delegation of governmental function. Finally, the well settled law is that the County's construction of its own ordinance is entitled to great weight. *Masterson v. Board of Zoning Appeals of the City of Virginia Beach*, 233 Va. 37, 44, 353 S.E.2d 727 (1987). Therefore, the County's motion for summary judgment is granted and plaintiff's motion is denied.